## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

HENRY M. BROWN,

    Plaintiff,

           v.

SUPERIOR MANAGEMENT, INC.,

    Defendant.

Civil Action No.
1:22-cv-03833-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Henry M. Brown's Motion for Default Judgment Pursuant to Federal Rule of Civil Procedure 55 [ECF 29] against Defendant Superior Management, Inc. (Superior). For the following reasons, Brown's motion is **DENIED AS MOOT**. The Court will instead enter default judgment against Superior as to liability as a sanction under Rule 16. The Court will schedule an evidentiary hearing on damages at a later date.

## I.    BACKGROUND

On September 22, 2022, Brown initiated this action against Superior by filing a complaint alleging violations of the Fair Labor Standards Act and asserting three state law claims: (1) breach of implied contract, (2) quantum meruit/unjust enrichment, and (3) fraudulent misrepresentation.[1] Superior filed a timely answer with affirmative defenses.[2]

---

[1]    ECF 1.

[2]    ECF 6.

1

The history of Superior's representation by counsel is particularly relevant here. On February 27 and March 22, 2023, Nanette Turner Kalcik[3] and Paul Shane Miller,[4] respectively, on behalf of Superior, requested to appear *pro hac vice*, designating Christine S. Tenley as local counsel, which the Court approved. The litigation proceeded through discovery. On June 5, the Court granted Miller leave to withdraw as counsel for Superior but Superior remained represented.[5]  No dispositive motions were filed, and on October 5, Superior filed an unopposed motion for an order extending the time for the parties to submit their Proposed Consolidated Pre-Trial Order through November 6,[6] which the Court granted. Superior's remaining counsel filed a second motion for an extension on November 3, this time citing their inability to communicate with their client as the reason for the delay and notifying the Court that they would be filing a motion to withdraw as counsel in the "near future."[7] Brown filed his portion of the Proposed Pre-Trial Order on November 6.[8] The Court denied Superior's second motion for an extension and instructed counsel for Superior to immediately initiate withdrawal

---

[3]    ECF 11.

[4]    ECF 13.

[5]    ECF 21.

[6]    ECF 23.

[7]    ECF 24.

[8]    ECF 26.

proceedings, which they did on November 7.[9] The Court granted the withdrawal shortly thereafter.[10] In that same Order, the Court directed Superior to cause new counsel to enter an appearance on the docket within 30 days, noting that, as a corporation, Superior cannot represent itself.[11] Brown was granted leave to file a motion for default judgment within 60 days if Superior failed to cause new counsel to enter an appearance.[12] To date, no attorney has entered an appearance on behalf of Superior. On January 25, 2024, Brown filed the instant motion for default judgment pursuant to Federal Rule of Civil Procedure 55.[13]

## II.   DISCUSSION

Brown seeks entry of default judgment against Superior pursuant to Fed. R. Civ. P. 55. As discussed below, the Court will instead enter default judgment against Superior as a sanction under Rule 16(f).

### A.    A default judgment is appropriate, but not under Rule 55.

To begin, the Court concludes that it is not authorized to enter a judgment of default under Fed. R. Civ. P. 55. An entry of default under Rule 55(a) is appropriate when "a party against whom a judgment for affirmative relief is

---

[9]   ECF 27.

[10]  ECF 28.

[11]  *Id.*

[12]  *Id.*

[13]  ECF 29.

sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise." *Reeves v. Huguenin*, No. CV 123-131, 2023 U.S. Dist. LEXIS 197189, at *1 (S.D. Ga. Nov. 2, 2023). The Eleventh Circuit has narrowly interpreted "or otherwise defend" to "encompass attacks on service or motions to dismiss, which prevent default without pleading on the merits," creating a heavier burden on a plaintiff once a defendant has mounted a defense. *Garrett v. Nestor (In re Nestor),* 607 B.R. 742, 744 (Bankr. S.D. Fla. 2019) (holding that the entry of a default judgment was in error where the defendant's two motions to dismiss and other actions taken while pro se satisfied the Eleventh Circuit's interpretation of "or otherwise defend" within the meaning of Rule 55.  In the case at hand, Superior both filed an answer and actively engaged in the litigation by participating in discovery and causing appearances by multiple counsel, making the entry of a default judgment under Rule 55 inappropriate.

However, Fed. R. Civ. P. 16(f) allows a court to enter a default judgment as a sanction if a party fails to comply with the court's orders or the rules of procedure. *Harris v. ATS Servs., LLC*, No. 1:13-cv-02500-ODE-ECS, 2014 U.S. Dist. LEXIS 205123 (N.D. Ga. Nov. 4, 2014). Rule 16(f) authorizes the Court to "issue any just order," including "rendering a default judgment against the disobedient party." *Id.* (recommending a default judgment where no new counsel appeared on behalf of the defendant, and the defendant failed to show cause why sanctions

should not be imposed, constituting a second failure to comply with court orders).

Notably, the severe sanction of a default judgment requires the Court to make a

finding of willfulness or bad faith failure to comply and a finding that lesser

sanctions are not sufficient. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542

(11th Cir. 1993*); Lavelle v. One Buckhead Loop Condo. Ass'n.*, No. 1:08-cv-3678-BBM-

AJB, 2009 U.S. Dist. LEXIS 144263 (N.D. Ga. Mar. 20, 2009). The Eleventh Circuit

has interpreted willfulness to mean "intentional action taken with at least callous

indifference for the consequences" and bad faith as "delaying or disrupting the

litigation." *Id.*

Default judgment against Superior is warranted under Rule 16(f). On

November 27, 2023, the Court ordered Superior to cause new counsel to enter an

appearance within 30 days since the company cannot represent itself and warning

that failure to do so could result in default. Superior's failure to obey the Court's

Order, despite such warning, reflects a willful and bad faith failure to comply.

Superior has displayed indifference to the consequences and not just disrupted

but entirely halted the litigation. To date, Superior has neither explained its failure

to comply nor participated in this litigation since its counsel were permitted to

withdraw on November 27. Moreover, the Court finds there is no lesser sanction

than a default judgment that would alter Superior's conduct. Superior was already

on notice that default judgment would be the result of its failure to obtain counsel.

Therefore, the Court enters default judgment against Superior as a sanction under Rule 16(f) for failure to comply with this Court's order to cause new counsel to appear on its behalf.

### B.   The Court will hold an evidentiary hearing on damages.

As an initial matter, the Court notes that because Brown is asking the Court to award damages, he has thereby dropped his jury demand. Brown requested a series of damages in his motion for default judgment: $15,625.00 in compensatory damages; $15,625.00 in liquidated damages pursuant to the Fair Labor Standards Act; $75,349.00 in reasonable attorneys' fees, in accordance with the FLSA; and $402.00 in costs of litigation, for a total of $107,001.00.[14] These requests are narrower than those set forth in his Complaint, and so the Court deems abandoned any other prayer for relief not referenced in Brown's motion.

The Court finds that Brown's motion fails to provide sufficient evidence of damages (except as to attorneys' fees and costs) to make a determination on the papers. Thus, the Court will hold an evidentiary hearing concerning Brown's damages. Brown may, at that time, perfect the record as to his requests for compensatory and liquidated damages, and amend his request for attorneys' fees and costs as necessary.

---

[14]   ECF 29, at 5.

### III.   CONCLUSION

Brown's motion for default judgment under Rule 55 is **DENIED AS MOOT** and the Court enters default judgment against Superior as a sanction under Rule 16(f). An evidentiary hearing on damages will be separately noticed. The Clerk is **DIRECTED** to mail a copy of this Order to Defendant Superior Management, Inc. at its address listed on the docket.

**SO ORDERED** this 30th day of September, 2024.

Steven D. Grimberg
United States District Judge